IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BMC-THE BENCHMARK
MANAGEMENT COMPANY, et al.,

          **Plaintiffs,**

v.

CEEBRAID-SIGNAL
CORPORATION, et al.,

          **Defendants.**

1:05-cv-1149-WSD

## OPINION AND ORDER

This matter is before the Court on the Motion to Modify Court's Order of October 3, 2006[1] [164] filed by Defendants Fremont Realty Capital, L.P., FSPP II Georgian, L.L.C., Fremont Strategic Property Partners II, L.P., FSPP II Georgian Lender, L.L.C.'s (the "Fremont Defendants") and Frederick Zarrilli. In the motion, the Fremont Defendants and Mr. Zarrilli seek the Court to modify its October 2, 2006, order.

On September 19, 2006, the Court convened a telephone conference to determine what further discovery will be allowed in this litigation. In agreeing to enlarge the discovery period, the Court required the parties to describe in detail the

---

[1] The Court's order is dated October 2, 2006.

discovery to be undertaken instructing them to submit, on or before, 5:00 p.m. on September 27, 2006, a plan for the specific discovery to be conducted in this case. In its docket entry entered after the conference, the Court reiterated that the parties were required to submit a "detailed discovery plan <u>of all discovery to be taken in this case by 11/30/06</u>" [144] (emphasis added).

On September 27, 2006, the Court received the parties' Joint Discovery Plan (the "Plan") [146]. In the Plan the parties addressed and identified various discovery activities to be undertaken, including the conclusion of written discovery. Despite the requirement that all discovery be identified, the Plan left open the possibility the parties would conduct other, unspecified deposition discovery. The Plan did not leave open nor was there any suggestion in it that any party intended to conduct further written discovery.

The absence of cooperation of the parties in this litigation has required the Court to actively manage this matter so that it may be prosecuted to a conclusion. The Court's October 2, 2006, order imposed specific deadlines and defined specific discovery activity that was allowed to be conducted during the remainder of the discovery period. The Fremont Defendants did not request in the Plan, nor did they mention during the September 19, 2006, telephone conference, that

additional written discovery was anticipated.  Thus, additional written discovery was not included in the October 2, 2006, order.  Accordingly,

**IT IS HEREBY ORDERED** that Motion to Modify Court's Order of October 3, 2006 [164] is **DENIED**.  Any party requesting to conduct discovery not described in the Plan must seek the Court's approval by submitting a detailed description of the discovery requested and a detailed explanation of why it is necessary.

**SO ORDERED** this 5th day of October, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE